JOHN DOE *vs*. CITY OF SPRINGFIELD. December 19, 1988. *Police*, Discharge. *Civil Service*, Termination of employment, Judicial review. *Constitutional Law*, Public employment, Self-incrimination. *Public Employment*, Police, Termination. *Witness*, Immunity.

The plaintiff, a former police officer, appeals from a judgment of the Superior Court entered following allowance of a motion for summary judgment of the defendant city of Springfield. The plaintiff maintains that a Superior Court judge erred in ruling, as a matter of law, that the defendant did not violate his rights under either the United States or Massachusetts Constitutions when its police department interrogated him.

This case arises from the police department's internal investigation described in *Springfield* v. *Civil Service Commission*, ante 612 (1988), a case decided today. Because the present case reviews an action for declaratory and injunctive relief and *Springfield* arose from an action in the nature of certiorari under G. L. c. 249, § 4 (1986 ed.), we employ a different standard of review here. In this case we look only at whether the moving party deserved summary judgment as a matter of law under Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974), and not whether the reviewing court correctly applied the standard of review in cases in the nature of certiorari.

As we ruled in *Carney* v. *Springfield*, *ante* 604 (1988), another case decided today, and *Springfield* v. *Civil Service Commission*, *supra*, art. 12 of the Massachusetts Declaration of Rights requires that transactional immunity be granted before an employee may be compelled to answer potentially incriminating questions. No such immunity was granted in this case. We, therefore, reverse the judgment below. Accordingly, we need not reach the issue whether the questions posed to this police officer were specifically, narrowly and directly related to his official duties.

The judgment is reversed and a new judgment is to be entered declaring the rights of the parties in the case.

*So ordered.*

*James M. Smith* for the plaintiff.

*Richard T. Egan*, City Solicitor, for the city of Springfield.